## MOTOR PARTS CO. v. BENDIX HOME APPLIANCES, Inc.

### Civil No. 191.

District Court, D. Delaware.

Jan. 23, 1941.

Philip Werner Amram (of Wolf, Block, Schorr & Solis-Cohen), of Philadelphia, Pa., and Clarence A. Southerland (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for plaintiff.

Oliver T. Cowan (of Goldwater & Flynn), of New York City, and Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., for defendant.

NIELDS, District Judge.

Motion for preliminary injunction.

Plaintiff seeks specific performance of an oral contract through injunction.

The contract which the court is asked to enforce is a franchise agreement alleged to have been entered into orally. Defendant had never been a party to such a contract. Entering into an oral franchise agreement was contrary to the practice and policy of defendant throughout its history.

Defendant manufactures washing machines and sells them to numerous distributors throughout the United States under franchise agreements like the agreement with plaintiff. The distributor in turn sells the washing machines to dealers within certain allotted territories. Plaintiff had the franchise to distribute in Philadelphia and in adjacent counties in

Pennsylvania, New Jersey, Delaware and Maryland.

The record of this case covers the contract relations of the parties during the last three and one-half years. That relationship was governed by the terms of two written contracts. The period from July, 1937, to June, 1939, was controlled by a contract dated July 10, 1937. The caption of this printed contract reads:

"Bendix Distributors Sales Agreement

"This agreement, made at Detroit, Michigan, by and between Bendix Home Appliances, Inc., a Delaware corporation, hereinafter referred to as 'Bendix' and Motor Parts Company, 17th St. & Indiana Avenue, Philadelphia, Pennsylvania, hereinafter referred to as 'Distributor' ".

Paragraphs 20 and 21 provide:

"20. This Agreement may be terminated with or without cause by either party giving written notice to the other party by registered mail or by delivering such notice personally to a duly authorized officer of the other party * * *."

"21. Unless sooner terminated as hereinabove provided, this Agreement shall continue in full force and effect for a period of one year from the date hereof, and at the expiration of said period it will automatically terminate without notice."

For a year and eleven months the parties accepted the above contract dated July 10, 1937, as controlling. No new written contract was made on July 10, 1938. The practice followed by defendant with plaintiff, and similarly with other distributors, was to allow the contract to continue and to allow its terms to prevail until terminated by one of the parties. Although nominally for a year it was treated by the parties as a contract terminable at will because of the provision giving either party the right to terminate with or without cause at any time. A similar practice governs the franchise agreement dated June 16, 1939. In the summer of 1940 defendant notified plaintiff it was considering terminating this agreement. Thereupon plaintiff urgently besought defendant not to cancel the contract. As a result of several conferences defendant notified plaintiff it was not going to cancel the contract at that time.

While in these desperate straits, and while bending all its energies to prevent cancellation, plaintiff contends it negotiated the oral contract in this case which stripped defendant of its power to cancel without cause at any time. Such amazing reversal of conditions can only be credited when corroborated by clear cut evidence and by the surrounding circumstances.

Louchheim, the treasurer of plaintiff, testified the oral contract was negotiated by him with Sayre, a vice president of defendant, in July, 1940. At the conclusion of a general conference the two retired to an adjoining room and there it is claimed the oral contract was entered into under the following circumstances: (1) The negotiation was in secret behind closed doors. (2) The two parties to the supposed oral contract flatly contradict each other. Sayre denies that any oral contract was made or even suggested. (3) Contracts of such importance involving thousands of dollars are never made under such circumstances. (4) Some confirmation in writing of such an oral agreement would inevitably have followed.

After July, the contract relations of the parties remained unchanged for some while. In December, four or five months after the supposed oral contract was entered into, defendant renewed its declaration of an intention to terminate plaintiff's franchise. To this demand plaintiff replied by letter of December 12 pleading for a further continuance. In this letter plaintiff made no reference to an oral contract. However, on the following day, plaintiff wrote a letter to Sayre containing the self-serving declaration: "When you reversed your decision and told us that you wanted to continue with us, I made it clear that I would only consider a continuation if it were agreed that you would not, in the future, discontinue our relationship without cause,—that if we came reasonably close to reaching our quota we would continue as your distributor without the continual and periodic harassment that we had undergone, and that we would be considered by you and your organization as one of your best distributors. You agreed to this and when you called me on the phone a day or two later, advising me that you had decided in our favor, I asked you whether your favorable decision carried with it the understanding that we had, and your answer to me was that it certainly did, and that you would certainly have 'felt like a heel' if you had made the terrible mistake of changing distribution."

This self-serving declaration is inconsistent with the conduct of the parties.

Defendant is engaged in a nationwide distribution of its manufactured product under written contracts. If those contracts could be upset by oral agreements, such as the one alleged in this case, defendant's business would be in constant peril. The circumstances surrounding this alleged oral contract establish that no such contract was ever made.

The court adopts the following findings of fact and conclusions of law substantially as submitted by defendant:

## Findings of Fact

(1) The contract of June 16, 1939, is the contract which governs the relations between the parties.

(2) The plaintiff has failed to establish clearly or satisfactorily the existence of an oral contract entered into in June, 1940, superseding the written contract between the parties dated June 16, 1939.

(3) The evidence, considered as a whole, establishes that no oral contract, as alleged by plaintiff, was entered into in June, 1940.

(4) The oral contract alleged to have been entered into is neither clear nor definite in its terms and there is no evidence of what would constitute cause entitling the defendant to terminate the contract or the length of the term of the contract.

(5) Plaintiff has failed to produce satisfactory evidence of performance of any such oral contract as is contended for by plaintiff.

## Conclusions of Law

(1) "A complainant seeking the specific performance of a contract is bound to establish clearly and satisfactorily the existence of the contract, and its terms. If certainty in the proof be wanting, or if the testimony be contradictory or doubtful, a decree for specific performance will be refused." Connaway v. Wright's Administrator, 5 Del.Ch. 472, 480, 481.

(2) The existence of an oral contract, the terms of which are in contradiction of a prior written contract between the same parties, must be established by clear and convincing evidence.

(3) The terms of the alleged oral contract are uncertain and incomplete, and the testimony leaves at least substantial doubt as to whether any such alleged oral contract was entered into, and therefore a decree for specific performance or for an injunction should be refused.

(4) Specific performance of a contract rests entirely in the discretion of the court, and in the exercise of the court's discretion upon a consideration of the testimony in this case a decree for specific performance or for an injunction should be refused.

Motion for a preliminary injunction must be denied.